UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANDREW HENDRIKS,

                      **Plaintiff,**

                     vs.                                9:20-CV-1035
                                                      (MAD/ML)

**C. DELUTIS, Captain of Security, Clinton Correctional Facility**

                      **Defendant.**
_____

**APPEARANCES:**                                          **OF COUNSEL:**

**ANDREW HENDRIKS**
Green Haven Correctional Facility
Post Office Box 4000
Stormville, New York 12582
Plaintiff, *Pro Se*

**OFFICE OF THE NEW YORK**                **BRENDA BADDAM, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On September 3, 2020 *pro se* Plaintiff commenced this civil rights action against Defendants Bell, Delutis, Holdridge, and Mazzoli and filed a motion to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1, 2. Plaintiff filed an amended complaint on November 18, 2020, alleging he was removed from his position in the Clinton Correctional Facility Annex tailor shop in retaliation for filing a grievance against Correctional Officer Ayotte. Dkt. No. 8. On March 23, 2022, the Court adopted an Order and Report-Recommendation by Magistrate Judge Lovric

1

granting Defendants' motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) with respect to Defendants Holdridge, Bell, and Mazzoli. Dkt. No. 30. Plaintiff's motion to appoint counsel was denied without prejudice on April 15, 2022. Dkt. No. 34. Currently before the Court is Defendant Delutis' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Dkt. No. 46.

In his motion for summary judgment, Defendant Delutis argues Plaintiff's retaliation claim fails as a matter of law because (1) Plaintiff's allegation does not meet the heightened burden to establish a causal connection, (2) temporal proximity alone is insufficient to establish an inference of retaliation at the summary judgment stage, (3) Plaintiff does not have a constitutional right to a particular prison job and removal was proper pursuant to DOCCS Directive 4803, and (4) Plaintiff's familiarity with staff was a legitimate, non-retaliatory reason for removing Plaintiff from the position because it created a security concern in a security sensitive area. In the alternative, Defendant Delutis argues that he is entitled to qualified immunity.

In opposition to Defendant Delutis' motion, Plaintiff argues (1) he has established a causal connection between the protected conduct and adverse action, (2) Defendant did not have a legitimate reason to remove him from the program, and (3) Defendant is not entitled to qualified immunity. In a supplemental letter filed on February 27, 2023, Plaintiff further argues Defendant Delutis did not seek and obtain the required approval before removing Plaintiff from the program, and that Defendant has not produced documentation that prompted Defendant's removal of Plaintiff from the program.

In an Order and Report-Recommendation issued on May 9, 2023, Magistrate Judge Lovric recommended that Defendant's motion for summary judgement be denied. Neither party has objected to the Order and Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id*. at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56 (c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-

movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553-54 (2d Cir. 2005) (quotation omitted). "However, '[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'" *Id*. (quoting *Anderson*, 477 U.S. at 252). "To defeat summary judgment, therefore, nonmoving parties 'must do more than simply show that there is some metaphysical doubt as to the material facts,' ... and they 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id*. (quotations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan*, 289 F. Supp. 2d at 295 (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has directed that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "This liberal standard, however, does not excuse a *pro se* litigant from following the procedural formalities of summary judgment." *Id*. (citation omitted). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for

4

summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

To prevail on a First Amendment retaliation claim, an inmate must establish (1) that the speech or conduct at issue was protected,[1] (2) that the defendant took adverse action against the plaintiff,[2] and (3) that there was a causal connection between the protected conduct and the adverse action. *Hayes v. Dahlke*, 976 F.3d 259, 272 (2d Cir. 2020) (cleaned up). As the Second Circuit has repeatedly cautioned, Courts properly approach prisoner retaliation claims with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act. *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (quoting *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A,*, 534 U.S. 506 (2002)); *see also Phelps v. Kapnolas*, 308 F.3d 180, 187 n.6 (2d Cir. 2002).

To establish a causal connection between protected activities and the adverse action, the court may consider a number of factors, including (1) the outcome of any hearing concerning the allegedly retaliatory charges; (2) the inmate's prior disciplinary record; (3) any statements made by the defendant concerning his motivation; and (4) the temporal proximity between the protected activity and the defendant's adverse action. *Williams v. Muller*, 98-CV-5204, 2001

---

[1] The use of the prison grievance system is constitutionally protected conduct under the First Amendment. *Gill v. Pidlypchak*, 389 F.3d 379, 384 (2d Cir. 2004); *see Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996) (holding that retaliation against a prisoner for pursuing a grievance violates the right to petition the government for redress of grievances guaranteed by the First and Fourteenth Amendments and is actionable under § 1983).

[2] Adverse action for the purposes of a retaliation claim has been defined as retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights . . . otherwise the retaliatory act is simply de minimis and therefore outside the ambit of constitutional protection. *Davis*, 320 F.3d at 353 (citing *Dawes*, 239 F.3d at 493).

WL 936297, *3 (S.D.N.Y. Aug. 17, 2001) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) abrogated, in part, on other grounds by *Tangreti v. Bachmann*, 983 F.3d 609 (2d 2020)).  However, with respect to temporal proximity at the summary judgment stage, the Second Circuit has consistently required some further evidence of retaliatory animus before permitting a prisoner to proceed to trial on a retaliation claim. *Washington v. Afify*, 681 Fed. Appx. 43, 46 (2d Cir. 2017).

In the present matter, the Court finds that Magistrate Judge Lovric correctly found that Defendant's motion for summary judgment should be denied.

As to Defendant's motion for summary judgment on the grounds that Plaintiff fails to establish a causal connection between the protected conduct and adverse action, Magistrate Judge Lovric correctly found that Defendant's motion for summary judgment should be denied. Defendant conceded that Plaintiff engaged in constitutionally protected speech by filing a grievance, and Defendant did not contest whether removing Plaintiff from his position was an adverse action.  Dkt. No. 46; *see also Davis v. Goord*, 320 F.3d at 352-53 (determining the filing of prison grievances is a constitutionally protected activity).  Particularly, Magistrate Judge Lovric correctly found the alleged protected conduct and adverse action occurred within a sufficiently close time to support an inference of retaliation. *See Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009) (citing *Gorman-Bakos v. Cornell Coop. Extension*, 252 F.3d 545, 554 (2d Cir. 2001) (suggesting the lapse of five months between protected activity and retaliation may show a causal connection).  Here, Defendant was involved in the investigation of Plaintiff's grievance and failed to identify when he became aware of Plaintiff's grievance between the time it was filed by Plaintiff and received by Defendant.  *See* Dkt. No. 46.  Furthermore, Plaintiff identified additional evidence from which a causal connection could be inferred, and there are sufficient facts on the

6

record from which a fact finder could conclude that Defendant retaliated against Plaintiff.  Dkt. No. 46, Attach. 4 at ¶¶ 41-49, 58.

      As to Defendant's argument he would have taken the same action in absence of improper motive, Magistrate Judge Lovric correctly found that Defendant's motion should be denied. Magistrate Judge Lovric correctly found that questions of fact exist as to whether Defendant had a legitimate non-retaliatory reason for Plaintiff's removal from the program which he would have taken in absence of an improper motive.  *See Greer v. Mehiel*, 805 Fed. Appx. 25, 29 (2d Cir. 2020) (citing *Scott v. Coughlin*, 344 F.3d 282, 287-88 (2d Cir. 2003)) (noting a defendant may be entitled to summary judgment if he can show dual motivation, *i.e.*, that even without the improper motivation the alleged retaliatory action would have occurred).  Here, Defendant failed to establish Plaintiff's change of assignment was due to legitimate security concerns.  *See e.g., Woods v. Chadwick*, No. 21-CV-0662, 2023 WL 2864805, *5 (N.D.N.Y. Jan. 30, 2023) (dismissing the plaintiff's retaliation claim where it was beyond dispute that plaintiff's discipline . . . would have been pursued and imposed even in the absence of any retaliatory motive where the plaintiff acknowledged that he violated the established rules and procedures), *report and recommendation adopted by*, 2023 WL 2568890 (N.D.N.Y. Mar. 20, 2023).  A reasonable juror could reject Defendant's claimed reason for Plaintiff's change of assignment based on the evidence that Defendant did not take any action to remove Plaintiff from his assignment until approximately three months after Plaintiff's close relationship with staff members, which presented the alleged security concern, became apparent, and ten days after Defendant was instructed that Plaintiff posed such security threat.  Dkt. No. 46, Attach. 3 at 26-27; Dkt. No. 48, Attach. 1 at 6 [citing Dkt. No. 46, Attach. 4 at ¶ 50]).

Magistrate Judge Lovric further correctly found that Defendant Delutis' motion for summary judgment should be denied because Defendant is not entitled to qualified immunity. The case presents disputed issues of fact as to whether it was objectively reasonable for Defendant to believe that removing Plaintiff from his assignment at the tailor shop was lawful. *See Hartline v. Gallo*, 546 F.3d 95, 102 (2d Cir. 2008); *see also Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir. 1999) (finding summary judgment on the basis of qualified immunity is inappropriate when facts material to the determination of reasonableness remain in dispute). In particular, qualified immunity would be improper in this case because there are disputed facts as to the reasonableness of Defendant's belief that his conduct did not constitute retaliation in regard to when Defendant became aware of Plaintiff's grievance, and whether any DOCCS policies or directives were violated in the removal of Plaintiff from his assignment in the tailor shop. *See Weyant v. Okst*, 101 F.3d 845, 858 (2d Cir. 1996) (holding that matter of officers' qualified immunity could not be resolved as a matter of law because determination of whether it was reasonable for officers to believe their actions met established legal principles depended on disputed versions of facts).

Accordingly, the Court hereby

**ORDERS** that Defendant's motion for summary judgment is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: July 24, 2023
      Albany, New York

Mae A. D'Agostino
U.S. District Judge